UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HERRICK,   )<br>    Plaintiff,   )<br>   )<br>v.   )<br>   )<br>HOME DEPOT U.S.A., INC.;   )<br>HOSE ASSEMBLIES, INC.;   )<br>ABC CORPORATION(S) 1-10;   )<br>JOHN DOE(S) 1-10   )<br>    Defendants.   ) | No. 3:22-cv-10412 |

## FIRST AMENDED COMPLAINT

Plaintiff, ROBERT HERRICK, by and through his attorneys, Clausen Miller P.C., upon information and belief, hereby alleges the following:

## INTRODUCTORY STATEMENT

Robert Herrick brings this civil action for losses suffered due to property damage to his home.  On or about February 25, 2019, while Robert Herrick and his wife were in Florida for the winter, the Massachusetts home of Robert Herrick suffered substantial damage after a washing machine hose, manufactured by Hose Assemblies, Inc. and sold and installed by Home Depot USA, Inc.., ABC Corporation(s) 1-10, and John Doe(s) 1-10, failed, flooded the house with water for several weeks until it was discovered by a neighbor.  Robert Herrick now seeks to collect damages as a result of Hose Assemblies, Inc. and Home Depot, et al.'s negligence.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action pursuant to, *inter alia*, G.L. c. 212, § 4, and G.L. c. 214, §§ 1 & 5. This Court has personal jurisdiction over the defendants pursuant to G.L. c. 223A, § 3.

2.  Venue is proper in Hampden County pursuant to G.L. c. 223, § 1.

## PARTIES & JURISDICTION

3. At all relevant times, ROBERT HERRICK (hereinafter "Herrick" or "Plaintiff") was an individual residing at 70 Pineridge Drive, Westfield, Massachusetts 01085-4547 (hereinafter the "Premises").

4. At all relevant times, upon information and belief, Defendant HOSE ASSEMBLIES, INC. (hereafter "Hose Assemblies") was and is a domestic corporation, organized and existing under the laws of the State of Indianapolis, with its principal place of business located at 1906 E. McKinley Avenue, Mishawaka, Indiana 46545.

5. At all relevant times, upon information and belief, Defendant Home Depot USA, Inc., (hereafter "Home Depot") was and is a domestic corporation, organized and existing under the laws of the State of Georgia, with consumer retail establishments located in the State of Massachusetts.

6. At all relevant times, upon information and belief, ABC CORPORATION(S) 1-10, are fictitious corporations, and were agents, contractors, or subcontractors of Defendant Home Depot, performing installation services for consumer products sold through Defendant Home Depot.

7. At all relevant times, upon information and belief, JOHN DOE(S) 1-10, were agents, employees, contractors, or subcontractors of Home Depot USA, Inc..,. and/or ABC CORPORATION(S) 1-10, performing installation services for consumer products sold through Defendant Home Depot.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. At all relevant times, Herrick owned and resided at the Premises.

9. On or about February 25, 2019, upon information and belief, Herrick owned a consumer washing machine (hereinafter "the washing machine"), which was located on the second floor of the Premises.

10. Prior to February 25, 2019, Hose Assemblies manufactured washing machine hoses and/or washing machine hose assembly parts.

11. The washing machine owned by Herrick at the Premises used hoses and/or hose assembly parts manufactured by Hose Assemblies.

12. Prior to February 25, 2019, the washing machine owned by Herrick was sold by and contracted to be installed by Home Depot and/or ABC Corporation(s) 1-10 and/or John Doe(s) 1-10.

13. On or about February 25, 2019, upon information and belief, a water leak occurred at the Premises, causing significant damage to the Premises and Herrick's personal property.

14. Upon information and belief, the water leak originated at the washing machine located on the Premises.

15. Upon information and belief, the water leak originating at the washing machine located on the Premises was due to the failure of the washing machine hose assembly.

16. Defendant Hose Assemblies manufactured the hose assembly which failed.

17. Defendant(s) Home Depot and/or ABC Corporation(s) 1-10 and/or John Doe(s) 1-10 sold and installed the hose assembly which failed.

18. Defendant(s) Hose Assemblies, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 caused, permitted and allowed a dangerous and unreasonably unsafe product to be sold to Herrick and to be installed on the Premises.

19. The damage to the Premises and Herrick's personal property was caused by the acts and/or omissions of Defendant(s) in causing, permitting, and/or allowing a dangerous and unreasonably unsafe product to be sold to Herrick and to be installed on the Premises.

20. As a result of the water loss, Herrick sustained substantial real and personal property damage.

21. Herrick suffered real and/or personal property damages, and/or incurred losses and expenses for the losses related to the destruction of the Premises due to the flooding.

## COUNT I – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

22. The averments of Paragraphs 1 through 21 above are incorporated herein by reference as though more fully set forth below.

23. At all times relevant hereto, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 were engaged in the business of manufacturing, integrating, designing, testing, inspecting, distributing, selling, installing, and/or placing into the stream of commerce washing machines and/or component parts for washing machines, including hose assemblies.

24. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10, their agents, representatives and/or employees manufactured, integrated, designed, tested, inspected, distributed, sold and/or placed into the stream of commerce a defective product, to wit, the washing machine installed on the Premises with a faulty hose assembly.

25. The washing machine hose assembly at the Premises was:

   a. in a defective condition and/or unreasonably dangerous at the time that they left Hose Assembly's and Home Depot's possession; and,

   b. not changed in any manner after they left Hose Assembly's and Home Depot's possession and before they malfunctioned and failed.

26. Hose Assembly and/or Home Depot did not provide adequate warnings, directions and/or instructions, with respect to the washing machine hose assembly.

27. The defects in the washing machine hose assembly characterized in Paragraph 25 above directly and proximately caused water damage to the Premises and Herrick's personal property.

28. The washing machine hose assembly would not have failed had Hose Assembly properly manufactured, integrated, designed, tested, inspected, and, as necessary, warned Herrick with respect to the washing machine hose assembly.

29. The washing machine hose assembly would not have failed had Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 properly installed, inspected, tested, and, as necessary, warned Herrick with respect to the washing machine hose assembly.

30. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 are further liable because:

   a. The washing machine hose assembly was manufactured, designed, tested, inspected, distributed and/or sold in a dangerous and defective condition such that susceptible to failure under normal conditions;

   b. The washing machine hose assembly, was, by reason of its dangerous and defective condition, unsafe and unfit for its/its ordinary and represented use and purpose;

   c. The washing machine hose assembly was manufactured, designed, tested, inspected, distributed, installed, and/or sold in such a manner that it was subject to failure;

   d. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 manufactured, integrated, designed, tested, inspected,

5

    distributed, and/or sold the washing machine hose assembly, which created an ultra-hazardous and/or unreasonably dangerous product;

    e.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 knew, or should have known, the washing machine hose assembly was defective, dangerous and/or unreasonably hazardous, and therefore, Hose Assembly and/or Home Depot had a duty to warn, instruct and/or direct Herrick of these dangers;

    f.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 failed to warn, instruct, and or direct Herrick of the defective, dangerous, and/or unreasonably hazardous conditions of the washing machine hose assembly;

    g.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 took no measures to correct or repair said dangerous and/or defective conditions in order to avoid subjecting Herrick to an unreasonable risk of injury or damages after Hose Assembly and/or Home Depot knew or should have known of the risk; and/or

    h.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 took no measures to manufacture, design, test, and/or inspect the washing machine hose assembly, in such a way as to prevent failure.

31. In light of all the above, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 are responsible and strictly liable for said loss suffered by Herrick.

32. The aforementioned defects in the washing machine hose assembly were the proximate cause of the water loss at the Premises and the resulting damages sustained by Herrick.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, together with pre-judgment and post-judgment interest, costs of this suit, and such other relief as this Court may deem appropriate.

## **COUNT II - NEGLIGENCE**

33. The averments of Paragraphs 1 through 34 above are incorporated herein by reference as though more fully set forth below.

34. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 had a duty to Herrick to exercise reasonable care, and/or to make sure reasonable care was taken, to properly manufacture, assemble, design, install, inspect, test, warn of the dangers and hazards involved in the use of the washing machine hose assembly so as to prevent damage to Herrick's real and personal property.

35. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 had a duty to Herrick to exercise reasonable care and/or make sure reasonable care was taken to properly select proper and adequate materials for the manufacture, assembly, design, installation, inspection, and testing of the washing machine hose assembly, so as to ensure that such materials were suitable and adequate for their intended purposes and did not pose an unreasonable risk of damage to persons and property.

36. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached their duty to exercise reasonable care in the manufacture, assembly, design, installation, inspection, testing, sale of, and/or warning with respect to the washing machine hose assembly, and failed to ensure that the washing machine hose assembly and its component parts operated properly and did not pose an unreasonable risk of damage to persons and property, including the Premises and Herrick's personal property.

37. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached their duty to exercise reasonable care, and/or make sure reasonable care was taken, to properly select adequate materials for the manufacture, assembly, design, installation, inspection,

and testing of the washing machine hose assembly, and Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 failed to ensure that such materials were suitable and adequate for their intended purposes.

38. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached the aforementioned duties owed to Herrick in the manner more fully set forth above, as well as in other ways as yet unknown and to be learned in the course of discovery.

39. Herrick's damages were the direct and proximate result of the aforementioned breaches of duties of care by Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 and were the direct and proximate result of negligence, carelessness, recklessness and/or negligent acts and/or omissions of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10.

40. Herrick's damages were in no way caused or contributed to by any act or failure to act by Herrick.

41. Plaintiff will also avail itself of the doctrine of *res ipsa loquitur*.

42. The damages suffered by Herrick do not ordinarily occur in the absence of negligence.

43. At all relevant times, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 were, at all times material and relevant to the events which lead to the cause of the water damage, in the exclusive care, custody and control of the instrumentality causing the damages alleged herein.

44. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 knew or should have known that the improper manufacture, integration, assembly, design, installation, inspection, testing, or sale of, and/or improper or inadequate warning with respect to, the washing machine hose assembly could result in loss of life, limb, and/or property, and that a high degree of danger was present.

45. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 knew, or should have known, that any departure from ordinary care could result in the loss of life, limb, and/or property.

46. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's improper manufacturing, assembly, designing, installation, inspecting, testing, and selling of, and/or failure to warn with respect to the washing machine hose assembly was in complete disregard of the rights and safety of Herrick and Herrick's property, and was in complete disregard of the consequences of said improper acts or omissions.

47. Despite the aforementioned knowledge held by Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10, these Defendant(s) negligently, carelessly and/or recklessly improperly manufactured, assembled, designed, installed, inspected, tested, and/or sold, and/or failed to warn with respect to, the washing machine hose assembly, and such acts and/or omission was undertaken in complete disregard of the rights and/or safety of Herrick and Herrick's property.

48. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's failures to abide by the required standard of conduct and by the duty owed to Herrick were in and of themselves an extreme departure from ordinary care.

49. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 did not act out of mere mistake resulting from inexperience, excitement, confusion, thoughtlessness, inadvertence, or simple inattention.

50. As a direct and proximate result of the aforesaid acts of negligence, carelessness and/or recklessness of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10, the aforementioned water loss occurred and caused Herrick to sustain severe and substantial damages, exclusive of interest and costs of this action.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, for the damages sustained as a result of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's acts and/or omissions, pre-judgment and post-judgment interest, costs of this suit, and such other relief as this Court may order.

## COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTIES

51. The averments of Paragraphs 1 through 52 above are incorporated herein by reference as though more fully set forth below.

52. Upon information and belief, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 impliedly warranted to Herrick that its manufacturing, assembly, distribution, design, installation, inspection, and/or testing, and/or warning with respect to, the washing machine hose assembly would be such that the washing machine hose assembly would be proper and free of defects that could result in damage to persons or property, including the Premises and Herrick's personal property.

53. In marketing and offering the washing machine hose assembly for sale and use, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 impliedly warranted that the washing machine hose assembly was safe for its intended use(s).

54. As more fully set forth above, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 did not conform to these implied warranties because the washing machine hose assembly caused a water loss.

55. Upon information and belief, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's false representations, warranties and guarantees was part of the basis for Herrick entering into an agreement to purchase the washing machine and the washing machine hose assembly.

56. At the time of the making of the warranties, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 knew or should have known of the risks posed by the washing machine hose assembly when used for the purpose for which such parts were intended.  Nonetheless, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 warranted the product to be safe, effective and proper for its intended use, without ameliorating the risks and without warning about the risks posed.

57. Because the washing machine hose assembly was not safe, effective or proper when used for the customary purpose for which intended, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 did not conform to its representations and warranties.

58. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached their implied warranties, by failing to:

      a. perform all tasks required of them pursuant to the pertinent contracts, safety codes and other applicable codes;

      b. satisfy all appropriate industry standards and guidelines; and

      c. properly warn, and by, in general, acting in so negligent, careless and/or reckless a manner in the marketing, manufacturing, assembly, distribution, design, sale, installation, inspection, and testing of the washing machine hose assembly so as to evince a complete disregard for the safety and property of others, including the Premises and Herrick's personal property.

59. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached their implied warranties when they negligently, carelessly and/or recklessly failed to properly design, market, manufacture, assemble, install, inspect, test, and sell, and/or warn with respect to, the washing machine hose assembly in a manner which created a dangerous condition and/or increased the risk of harm to the Premises and Herrick's personal property.

60. As a direct and foreseeable result of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's breach of the warranties and conditions under which Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 sold the washing machine hose assembly and its component parts, Herrick sustained severe and substantial damages, exclusive of interest and costs of this action.

61. **WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, for the damages sustained as a result of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's acts and/or omissions, pre-judgment and post-judgment interest, costs of this suit, and such other relief as this Court may order.

**WHEREFORE**, Plaintiff demands judgment in his favor on all above Counts of the Complaint and against all Defendants, jointly and severally, for:

1. Compensatory Damages;

2. Attorneys' Fees, costs, interest; and

3. Such other relief as the Court deems just and proper.

Dated: April 4, 2022

LOFTUS & LOFTUS PC

 /s/ Patrick J. Loftus III
Patrick J. Loftus III (BBO 303310)
Katherine C. Loftus (BBO 692288)
732 East Broadway, South Boston, MA
617-268-7777
pjl@loftusandloftuspc.com
kcl@loftusandloftuspc.com

CLAUSEN MILLER P.C.

By:   /s/ Robert Stern
Robert A. Stern, Esq.
Douglas M. Allen, Esq.
28 Liberty Street, 39th Floor
Massachusetts, MA 10005
(212) 805-3900
(212) 805-3939 (fax)

13

8037956.1